UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM TURNER,

    Petitioner,

v.

    Civil No. 07-CV-11556
    Criminal No. 03-CR-80922

UNITED STATED OF AMERICA,

    Hon. John Corbett O'Meara

    Respondent.
    _____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Before this court is William Turner's Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255. This matter has been fully briefed and, upon careful review of the record, the court is satisfied that neither an evidentiary hearing nor re-sentencing is necessary. For the reasons set forth below, Turner's Motion is DENIED.

**BACKGROUND FACTS**

Petitioner, William Turner, was indicted on October 9, 2003 for one count of conspiracy to distribute cocaine base, over 50 grams, in violation of 21 U.S.C. §§ 841 and 846 and one count of distribution of cocaine base in violation of 21 U.S.C. § 841.

The government filed a sentencing enhancement information pursuant to 21 U.S.C. § 851. The sentencing information enhanced Turner's sentence upon conviction to a minimum term of mandatory life imprisonment without parole.

Turner pled guilty to one count of conspiracy to distribute cocaine base in violation of 21 U.S. C. §§ 841 and 846, pursuant to the terms of a Rule 11 plea agreement. (Tr. 04/20/04, Plea Hearing at 1-25). During the plea proceeding, Turner represented to this court that he had discussed the plea and was satisfied with his legal

-1-

counsel. Id. This court accepted the Turner's guilty plea and took the Rule 11 plea agreement under advisement. Id. Subsequently, Turner filed a *pro se* motion to withdraw his guilty plea which was denied at sentencing on December 13, 2004. During sentencing Turner was informed that though the statutory minimum period of incarceration was life imprisonment, the government's 5K1.1 motion to depart downward had been granted and he would receive the recommended sentence of 240 months. (Tr. 12/13/04, Sentencing at 18). The court did state an alternative sentence of 150 months, which it would impose if not constrained by the sentencing guidelines or mandatory minimums. Id. Turner filed a timely notice of appeal on December 17, 2004. The government filed a motion to dismiss the appeal, which was granted.

Turner filed the instant motion to have this court vacate, set aside, or correct his sentence pursuant to 28 U.S. C. § 2255. Turner's § 2255 motion is based upon his assertion that he did not receive effective assistance of counsel during the plea process and sentencing. Turner requests an evidentiary hearing to resolve the issue of ineffective assistance of counsel and requests that this court impose the stated alternative sentence.

## **LAW AND ANALYSIS**

In order to establish a violation of the Sixth Amendment right to effective assistance of counsel, Turner must demonstrate that "counsel's performance was seriously deficient and that this deficient performance prejudiced he defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient,

> [t]he court must… determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance… . At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

-2-

Strickland, 466 U.S. at 690. The defense was prejudiced if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Turner has failed to establish that his counsel's performance was seriously deficient. Turner claims his counsel was ineffective because he failed to object to two of Turner's offense level enhancements. One enhancement was for brandishing a firearm during a drug transaction. The other enhancement was for being a career offender. Turner maintains that these enhancements improperly increased his Guideline range, resulting in an excessive sentence. The Guidelines effectively do not control Turner's case. Turner faced a mandatory minimum life term due to his prior felony convictions. Guideline enhancements have no effect on a § 851 enhancement. Turner's counsel was not ineffective for failing to object to either enhancement.

The record shows that Turner was informed by his counsel that he would face mandatory life imprisonment if convicted at trial. The record also shows that Turner's counsel said that he would attempt to reduce the relevant conduct level in reaching a plea agreement. These were reasonable actions taken by Turner's counsel. Turner has not shown that his counsel's performance was seriously deficient or outside the range of professionally competent assistance.

With respect to § 2255 motions, "evidentiary hearings are not required when, as here, the record conclusively shows that the petitioner is entitled to no relief." Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996) (citing Fontaine v. United States, 411 U.S. 213, 215 (1973)). It does so here. N no hearing is required.

Turner also requests that he be re-sentenced pursuant to the alternative sentence stated by the court. Turner claims that the alternative sentence was offered in the event

that the Sentencing Guidelines were declared unconstitutional or only advisory. See United States v. Booker, 543 U.S. 220, 245 (2005). The record indicates that the alternative sentence mentioned by the court was an example of a sentence unregulated by both the sentencing guidelines and statutory mandatory minimums, "[w]ithout the guidelines to – and the statutory framework to live within in [sic], I don't think anything's going to happen to that, the alternative sentence I would give you is 150 months." (Tr. 12/13/04, Sentencing at 21). Notwithstanding Booker, which made the Guidelines advisory, the mandatory minimum has not changed. Had the government not filed a motion for downward departure, the court would have been constrained to sentence Turner to life.[1] Therefore, Turner is not entitled to be re-sentenced.

It is hereby **ORDERED** that Turner's Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

s/John Corbett O'Meara  
United States District Judge

Dated: September 13, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 13, 2007, by electronic and/or ordinary mail.

s/William Barkholz  
Case Manager

---

[1] In his plea agreement Turner promised not to seek a sentence lower than the 240 months recommended by the government.